# CHARLESTON.

STATE *ex rel* E. W. BROWN *v.* HERBERT SKEEN, CLERK.

Submitted November 18, 1919. Decided November 25, 1919.

1. APPEAL AND ERROR—*Deposit to Defray Indexing of Record, Fees, etc.; Mere Security Insufficient.*

The provision of sec. 5 of ch. 135 of the Code, requiring a litigant seeking an appeal or writ of error from a decree or to a judgment of a circuit court, before transmission of the petition and record to the Clerk of the Supreme Court of Appeals or a judge thereof, "to deposit with the clerk of the circuit court a sufficient sum of money to defray the expenses of the preparation and indexing of the record, fees for filing the

petition and making and certifying necessary copies of orders, costs of transmission and return of the record, and the making of a transcript of the record, or file with the clerk a bond conditioned to pay the same, in a penalty and with sureties to be fixed and approved by said clerk," and the clerk to "endorse on the petition that such deposit has been made or such bond filed," contemplates such procedure as a prerequisite to action upon the petition by the appellate court or its judges and prompt and unembarrassed filing of the transcript after allowance of the appellate process, and not mere security of payment of the fees and other compensation of the clerk of the circuit court.   (p. 223).

2.   SAME—*Right of Clerk of Circuit Court to Withhold Transcript for Non-payment of His Fees.*

If such clerk certifies that the required deposit has been made, when in fact it has not been nor the required bond given, he cannot withhold the transcript for non-payment of his fees and compensation, by reason of an agreement on the part of the appellant to make a further deposit or pay his charges in full before the delivery of the transcript, or his legal right to collect such fees and compensation. .

Original mandamus by the State, on relation of E. W. Brown, executor, etc., against Herbert Skeen, Clerk, etc.

*Peremptory writ of mandamus awarded.*

*William Beard,* for relator.
*J. L. Wolfe,* for respondent.

POFFENBARGER, JUDGE:

A controversy between a litigant and the clerk of the Circuit Court of Jackson County, concerning fees claimed by the latter, for preparation of a transcript of a record, after allowance of an appeal, is the occasion of this proceeding by mandmus to compel the clerk to certify and deliver the transcript which he withholds by way of coercion of payment of the compensation claimed by him.

The principal item in dispute is a charge for typewriting the printed record of another cause between the same parties, finally determined and disposed of several years ago, as part of the bill in the pending cause, the clerk being of the opinion that a copy of said printed record is an exhibit of the bill and a part thereof. The relator denies that it is such and also contends that, if it is

the amount charged on account thereof is illegal, because he claims his attorney delivered a copy of the printed record to the clerk, whereupon it became the duty of the latter to incorporate it into the transcript as printed matter, instead of copying it, in which case there could have been no charge for it. Code, ch. 135, sec. 6. The clerk denies that a copy of it was delivered to him. There are additional allegations of overcharges which it is unnecessary to specify. In the aggregate, the bill for fees and compensation, as rendered, amounts to $201.20, and there has been credited on it $110.00 paid in cash and an allowance of $15.00 for carbon copies furnished by the relator, leaving a balance of $76.20. In his return, the respondent says it is not entirely accurate and insists that there remains due to him and unpaid, on account of his fees and other proper charges, $85.30.

On the petition for the appeal, presented to this court, the respondent certified that the relator had made the deposit required by law, (sec. 5, ch. 135, Code), "to defray the expenses of the preparation and indexing of the record, fees for filing the petition and making and certifying necessary copies of orders, costs of transmission and return of the record and the making of a transcript of the record." Under said statute, the petitioner for an appeal or writ of error may either make such a deposit or give a bond to cover such costs, charges and fees, in a penalty and with sureties to be fixed and approved by the clerk. At the date of the filing of the petition for an appeal in the pending cause, in the clerk's office of the court below, the relator made a deposit of only $35.00, which, he claims, the clerk fixed by estimate, as a sum sufficient for all of the purposes mentioned in the statute. The respondent, however, claims he included, by agreement with the relator, only such expenses as would probably be incurred in the event of a refusal of the appeal, with the further understanding and agreement that, in the event of the allowance of the appeal, the latter would make an additional deposit or pay such additional sum as would be sufficient to cover all of the former's proper fees and charges, including the fees for preparation of the transcript of the record. The additional credit was made on account of a sum of money that came into the clerk's hands for the relator, from another source, a collection of costs.

Under a fair and reasonable construction of the statute above referred to, a clerk of a circuit court, has no legal right to refuse to make a transcript, or withhold it after having made it, for non-payment of his fees.  It is his duty to require either a deposit or a bond sufficient to cover all of his charges including the transcript, and likewise the duty of the petitioner to make such deposit or give such bond.  For the enforcement of an agreement upon which he has elected to rely instead of the security it is his duty to take, he can neither impede or delay the progress of a cause initiated in the appellate court by the allowance of an appeal or writ of error upon a petition bearing his certificate that the deposit or bond required by law has been made or given, nor embarrass the administration of justice in such court by conduct raising controversies of the kind revealed by the writ and return in this proceeding.  The statute requires him to "endorse on the petition that such deposit has been made or such bond filed."  Hence, it does not contemplate the allowance of an appeal or writ of error, or any action upon the petition, unless it bears such certificate.  To say it contemplates or allows embarrassment of further procedure by any controversy about fees or other compensation that is covered by the deposit or bond, or should be, would be a contradiction of its plain purpose.  This requirement indicates legislative purpose going beyond mere security of payment of the clerk's fees.  If that were the sole purpose, it would be difficult to suggest any good reason for the requirement of the certificate.  The agreement relied upon by the respondent, if made, may be perfectly valid, but it does not legally justify the withholding of the transcript for non-payment of any fees or other compensation to which he may be entitled.  As to the validity of the agreement or his legal right to the fees and other charges asserted by him, we express no opinion, because the question is not involved.

For the reason stated, the motion for a peremptory writ of mandamus will be sustained and the writ awarded.

*Peremptory writ of mandamus awarded.*